Zolia FREDERICK, Appellant,

v.

R. C. CHANEY, et ux., Appellees.

No. 18144.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 1, 1979.

Huey P. Mitchell, Fort Worth, for appellant.

Sturns, Jackson & Haynes, and Louis E. Sturns, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Appellees R. C. Chaney and wife, record titleholders to land, sought to enjoin a neighbor, appellant Zolia Frederick, from interfering with their possession and sued to quiet title thereto. The neighbor counterclaimed and sued in trespass to try title based on adverse possession. The case was tried to a jury. After hearing conflicting testimony of the neighbor regarding intent to hold title adversely, the jury found that the neighbor had established title by limitation. The trial court rendered judgment *non obstante veredicto*, granted the injunction and quieted title in the record titleholders. From this judgment the neighbor appealed.

We reverse and render.

The land involved in this case is a fifteen foot wide strip of land. It is the eastern part of a parcel of land known as Lot 7. The Chaneys are the "record titleholders" of Lot 7. Mrs. Frederick is the Chaneys' "neighbor". There is a house located on Mrs. Frederick's property. It has for many years been her home.

In 1976, the Chaneys wanted to build a rent house on Lot 7. Before they did so, they hired a surveyor to determine the property line. The surveyor found that air-conditioning units attached to Mrs. Frederick's house extended over the property line

into Lot 7. It was further found that Mrs. Frederick had installed and used a clothes line on the fifteen foot strip and planted and maintained trees, bushes and flowers thereon. There was evidence of a fence having been erected on the lot by Mrs. Frederick. A sewer line from Mrs. Frederick's house had extended under Lot 7 for a considerable length of time.

After the existing situation was discovered, the Chaneys demanded that Mrs. Frederick remove or refrain from continued use, as appropriate. Mrs. Frederick refused to accede. The Chaneys built a fence along the side of Lot 7 which was directly adjacent to the Frederick house. They also instituted this suit against Mrs. Frederick. Their prayer was for an injunction barring her from interfering with their land and also to quiet title to Lot 7. Mrs. Frederick answered and counterclaimed against the Chaneys. In her answer, Mrs. Frederick plead affirmatively that she held title to a fifteen foot wide strip on the eastern portion of the land through limitation title obtained by adverse possession for more than ten years. She also claimed that the Chaneys had unlawfully ousted her from the property. We deem her pleadings to qualify as presenting a suit in trespass to try title by limitation. Additionally, Mrs. Frederick sought an injunction against the Chaneys.

During the trial conflicting testimony was given by Mrs. Frederick. The conflict arose over whether she intended to hold title adversely to the Chaneys' record title. Other conflicting testimony was heard concerning the actual use of the property during the running of the limitation period. By its verdict the jury found that Mrs. Frederick and her predecessors in title had held peaceable and adverse possession of and had used, cultivated and enjoyed the fifteen foot strip of Lot 7 for at least ten years prior to the date the instant lawsuit was filed by the Chaneys.

On the motion of the Chaneys, the trial court granted them a judgment *non obstante veredicto*. The judgment vested title in the Chaneys, granted their injunction and

ordered that Mrs. Frederick take nothing by her counterclaim. Mrs. Frederick appealed on the ground that there was evidence to support the jury's verdict, that the trial court erred in granting judgment to the Chaneys and because the trial court failed to render judgment for her on the jury verdict.

■■■ Our holding is that sufficient evidence was introduced to sustain the jury finding of adverse possession. Though Mrs. Frederick's testimony was conflicting and inconsistent, if we consider only that which was most favorable to her, it provided adequate support for the jury's findings. The fact that it was conflicting was not fatal to Mrs. Frederick's case. In fact, after the jury had considered all the testimony and rendered its verdict the trial court was bound thereby in the rendition of judgment. The trial court was not at liberty to judge the conflicting testimony on its own and rule on the merits of the case through the granting of a judgment notwithstanding the verdict.

We quote from *Webb v. Jorns*, 488 S.W.2d 407, 411 (Tex.1972):

"It is an old and familiar rule that the fact finder may resolve conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of different witnesses. *Ford v. Panhandle & Santa Fe Ry. Co.*, 151 Tex. 538, 252 S.W.2d 561 (1952); *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Rose v. O'Keefe*, 39 S.W.2d 877 (Tex.Com.App. 1931). 1 McCormick and Ray, Texas Law of Evidence § 3 (1956)."

The above case was one which reversed this court. See 473 S.W.2d 328, 336 (Tex. Civ.App.—Fort Worth, 1971) where we had written:

"In view of Dr. Dannemiller's testimony on cross-examination there was a negation of the efficacy of . . . a *prima facie* case that Mrs. Eakin was negligent . . . .

" . . . .

"In any event, the adequacy of Dr. Dannemiller's testimony (even if adequa-

cy be assumed) was canceled by his express statement that if the percentage of halothane in the mixture of gases comprising the anesthetic was not more than one and one-half percent Mrs. Eakin could not be faulted."

Since this court was reversed in 1972 we have been mindful that where conflicting evidence has been presented at trial, even though the conflict came from the inconsistent testimony from the same witness, and even though as a result there might be a preponderance of evidence of one party over that of his adversary, the decision of the ultimate question is nevertheless the exclusive province of the jury in its verdict. See 36 TEX. DIGEST, "Trial" (1951) at "Questions of Law or of Fact in General", where appears § 139(1) "(Weight and sufficiency of evidence)—In general"; § 140, "—Credibility of witnesses"; and § 143, "—Conflicting evidence."

Applying the foregoing principle of law to the facts of the instant case, it appears that since Mrs. Frederick made out her *prima facie* case of limitation title by adverse possession on direct, followed by denial of intent that there be adverse possession on cross-examination, her *prima facie* case presented questions of fact for the jury. Further, and we repeat, since its verdict for Mrs. Frederick on her claim of adverse possession had support by evidence the trial court was compelled, if it rendered any judgment whatever, to render judgment on the verdict.

Accordingly, we reverse the judgment and render that judgment which the trial court should have rendered.

This cause came on to be heard on the transcript of the record and the same having been reviewed, it is the opinion of this court that there was error in the judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment of the trial court in this cause be and the same is hereby reversed and judgment rendered as follows:

IT IS THE FURTHER JUDGMENT OF this court that Zolia Frederick recover of and from R. C. Chaney, et ux., Louis Chaney, the title and possession of the premises described and bounded as follows: Being a fifteen foot strip in the eastern portion of Lot 7, Block 3, J. W. Burton Addition to the City of Fort Worth, Tarrant County, Texas, more particularly described as:

A fifteen foot strip of land beginning at the northeast corner of Lot 7; thence in a westerly direction fifteen feet along the north boundary line of said Lot 7; thence in a southerly direction and parallel to the east boundary line of said lot to a point in the south boundary line of said lot fifteen feet from the southeast corner of Lot 7; thence along said south boundary line in an easterly direction fifteen feet to the southeast corner of said lot; thence north along the east boundary line of said lot to the place of beginning.

IT IS THE FURTHER JUDGMENT of this court that Zolia Frederick may have her writ of possession to said property.

IT IS THE FURTHER JUDGMENT of this court that R. C. Chaney, et ux. Louis Chaney be and each of them are hereby permanently enjoined from interfering in any manner with Zolia Frederick's exclusive use, possession of, and title to the above described property. Relief sought by any party and not specifically granted herein is denied.

IT IS THE FURTHER JUDGMENT of this court that all costs both in this court and the trial court, be and the same are hereby taxed against R. C. Chaney, et ux., Louis Chaney, for which the clerk of this court, the clerk of the trial court and Zolia Frederick may have his or her respective execution.

It is further directed that the clerk of this court enter the foregoing as our judgment and that this decision be certified below for observance.